## NEWBERG AND ABRAMS *vs.* J. D. FARMER.

Pleadings under the code are not to be subjected to rules of the old system of pleading.

Amendments in pleading should be liberally allowed, in appeals from justices of the peace, if the issue tried in the Justice Court, be not made different thereby. However, under Sec. 53, page 249, laws 1859–60, amendments should be allowed in the discretion of the Court to promote the ends of substantial justice, and the refusal to allow such amendment would be error.

Such proposed amendment of pleading must be made clearly to appear to this Court before it will review the action of the District Court refusing to allow the same.

An erroneous ruling that works no prejudice to the party, not cause for new trial.

If costs have been improperly taxed, the remedy is by re-taxation in the District Court.

Error to the first Judicial District.

Opinion by WYCHE, Associate Justice.

The following errors are assigned:

1.  That the complaint does not contain facts sufficient to constitute a cause of action as to the sum of $35, a portion of demand of plaintiff below.

2.  That the District Court erred in refusing to allow the plaintiffs in error to amend their answer.

3.  It does not appear in the record that the jury fee was paid by the defendant in error before the recording of the verdict.

The first error is not well taken, sufficient facts to constitute a cause of action are stated in the complaint.  Our code is a new system of pleadings, and cannot be subjected to the rules applicable under the old system of pleadings.  Besides, as the plaintiff in error, both in the justice's and District Courts, of his own election kept his mouth shut, the law shuts it here. This Court has so held.

Touching the second error assigned, it appears the plaintiff in error embraced in his answer before the justice, certain matters as set-offs, and an appeal to the District Court "after issue joined and depositions taken, moved the Court for leave to amend their answer so as to embrace their set-offs," which motion was overruled and excepted to.

Our code contemplates that the very right of the matter in dispute should be tried, and such latitude in amendments should in general be allowed as will effectuate this object, and certainly the largest liberality should be permitted in amendments on appeal from justice's court.  Sec. 61, page 17, Stat. 59–60; Sec. 53, page 249, Stat. 59–60, and Sec. 167, page 272, Stat. 59–60, should be considered together in this connection.

The law deduced from them is, that the same issue tried before the justice's court must be tried in the District Court, and that the District Court has no power to allow amendments which would present to the Court a new and different issue from the one tried in the justice's court.  However, Sections 53 and 167 both occur in the "Justice Practice Act;" and while under Sec. 167, "the issue before the justice shall be tried in the District Court without other or new pleadings, unless otherwise directed by the Court," yet under Sec. 53 the pleadings may be amended on appeal," when by such amendment substantial justice will be promoted."   While it may be conceded a discretion

is vested in the Court, yet is a discretion to be exercised under the law, and if it clearly appear that substantial justice will be promoted by the allowance of an amendment, it would be error for the District Court to refuse such amendment.

In this case the plaintiffs in error said in substance to the Court, "we have other demands against defendant in error, which we omitted from our answer before the justice, and desire now to embrace in our answer here," without, so far as the transcript shows, stating what those other demands were. Now can this Court presume that the demands proposed to be added to the answer were of such a nature as to be used as set-offs? Not every demand is a subject of set-off, and our statute prescribes the nature of the demands that may be used as set-offs.

If a party below proposes to amend his answer by including other matters as set-offs, the proposed amendment must show the nature and character of such other matters, that this Court may see whether such other matters are such as the law recognizes as set-offs. If the judgment here was reversed, it might turn out on another trial that the demands proposed to be used as set-offs were not in fact subjects of set-off, and so in that case the plaintiffs in error would have suffered no injustice by the refusal of the Court.

An erroneous ruling of the Court is no ground for a new trial, unless such ruling was to the prejudice of the plaintiffs in error. As the matters proposed to be included in the answer are not before this Court, we cannot know whether they were proper subjects of set-off or no, and hence cannot say whether plaintiffs in error have been prejudiced by the ruling below.

The third error cannot be sustained. Sec. 195, Civil Practice Act, requires the successful party to pay to the clerk twelve dollars as a jury fee, before the verdict shall be recorded, and provides that the twelve dollars shall be taxed as costs against the opposite party.

The transcript here does not show whether the jury fee was paid or no, and this Court would not be authorized in presuming it was not paid; and besides, as the twelve dollars could

properly be taxed against the plaintiffs in error here, only after it had been paid by the defendants in error, if it has been illegally taxed as costs against the plaintiffs in error. Our statute provides that they may move in the Court below for a retaxation of costs, and they must seek relief, if entitled to any, in the manner provided in the statute.

Now this cause coming on to be heard, and after argument by counsel, it is ordered, adjudged and decreed, that the judgment below 'se affirmed, and that this cause be remitted to the District Court of Idaho county, and the clerk be directed to issue execution on the judgment below, with costs in the Court below, and the costs in this Court.